# EXHIBIT A

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br>A Professional Corporation<br>25 Main Street<br>P. O. Box 800<br>Hackensack, NJ 07602-0800<br>(201) 489-3000<br>(201) 489-1536  Facsimile<br>Proposed Attorneys for Integral Nuclear<br>Associates, LLC et al., Debtors and Debtors-in-<br>Possession | Chapter 11<br><br>Case No. _____ |
| In the Matter of:<br><br>INTEGRAL NUCLEAR ASSOCIATES, LLC, *et<br>al.*,<br><br>                    Debtors. | Jointly Administered<br><br>Hearing Date: _____<br><br>Judge: _____ |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1)
APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND
PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3)
AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC
STAY, AND (5) SCHEDULING A FINAL HEARING**

The relief set forth on the following pages, numbered two (2) through thirty (30), is hereby
ORDERED.

(Page 2)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

THIS MATTER having come before the Court upon the motion (the "DIP Motion") of Integral Nuclear Associates, LLC, et al. (collectively, the "Debtors"), debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Cases"), pursuant to Sections 105, 362, 363, 364(c), and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and General Order Adopting Guidelines for Financing Requests dated November 25, 2009, seeking entry of an interim order (this "Interim Order") *inter alia:*

(i)      authorizing the Debtors to obtain secured post-petition financing (the "DIP Facility") pursuant to the terms and conditions set forth in that certain *General Term Sheet for Plan Support and Debtor-in-Possession Financing* dated February 3, 2011 attached hereto as Exhibit A (as amended, supplemented, restated, or otherwise modified from time to time, the "Term Sheet") by and among the Debtors, as borrower, and Monarch Medical PET Services, LLC or its nominee as lender ("Monarch" or the "Lender");

(ii)      granting the DIP Facility, and all obligations arising thereunder (collectively, the "DIP Obligations") allowed superpriority administrative expense claim status in the Cases and any Successor Cases (as defined herein);

(Page 3)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

(iii)     granting to the Lender automatically perfected security interests in and liens on all of the Collateral (as defined herein), which liens shall be subject to the priorities set forth herein;

(iv)     authorizing and directing the Debtors to pay and deliver the amounts due under the Term Sheet to the Lender to the extent provided in the Term Sheet;

(v)     authorizing the Debtors' use of cash collateral as set forth herein;

(vi)     vacating and modifying the automatic stay imposed by Section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the Term Sheet and this Interim Order, as limited pursuant hereto; and

(vii)     scheduling a final hearing (the "Final Hearing") to consider the relief requested in the DIP Motion and approving the form of notice with respect to the Final Hearing.

NOW THEREFORE, the Court having considered the DIP Motion, the Affidavit of Ronald J. Lissak, the Debtors' current Chief Executive Officer and President, in support of the Debtors' First Day Motions, the Term Sheet, and the evidence submitted at the interim hearing held on February [--], 2011 (the "Interim Hearing"); and notice of the Interim Hearing having been given in accordance with Bankruptcy Rules 4001(b), (e) and (d), and 9014; and the Interim Hearing to consider the interim relief requested in the DIP Motion having been held and concluded; and all objections, if any, to the interim relief requested in the DIP Motion having been withdrawn, resolved or overruled by the Court; and it appearing to the Court that granting

(Page 4)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

the interim relief requested is necessary to avoid immediate and irreparable harm to the Debtors and their estates pending the Final Hearing, and otherwise is fair and reasonable and in the best interests of the Debtors and their estates and creditors and is essential for the continued operation of the Debtors' business; and it further appearing that the Debtors are unable to obtain unsecured credit for money borrowed allowable as an administrative expense under Bankruptcy Code Section 503(b)(1); and after due deliberation and consideration, and for good and sufficient cause appearing therefor;

BASED UPON THE RECORD ESTABLISHED AT THE INTERIM HEARING BY THE DEBTORS, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.      *Petition Date.*  On February 3, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court") commencing these Cases.

B.      *Debtors in Possession.*  The Debtors are continuing in the management and operation of their business and properties as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Cases.

C.      *Jurisdiction and Venue.*  This Court has jurisdiction, pursuant to 28 U.S.C. §§ 157(b) and 1334, over this proceeding, and over the persons and property affected hereby.

(Page 5)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

Consideration of the DIP Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

Venue for these Cases is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

       D.    *Creditors' Committee.*  The Office of the United States Trustee (the "U.S. Trustee') has not appointed an official committee of unsecured creditors in these Cases pursuant to Section 1102 of the Bankruptcy Code.

       E.    Findings Regarding the Post-petition Financing and Cash Collateral Use.

       (i)    *Request for Post-petition Financing.*  The Debtors seek authority to enter into the DIP Facility on the terms described herein and in the Term Sheet.  At the Final Hearing, the Debtors will seek final approval of the proposed post-petition financing arrangements, including the commitment fee, pursuant to a proposed final order (the "Final Order"), which shall be in form and substance satisfactory to the Lender and its counsel in their sole discretion.  Notice of the Final Hearing will be provided in accordance with this Interim Order.

       (ii)    *Need for Post-petition Financing.*  The Debtors' need to obtain credit pursuant to the DIP Facility is immediate and critical in order to enable the Debtors to continue their operations and preserve the value of their estates.  The ability of the Debtors to finance their operations, maintain business relationships with their vendors, suppliers and customers, pay their employees and otherwise finance their operations requires the availability of

(Page 6)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

working capital from the DIP Facility, the absence of which would immediately and irreparably harm the Debtors and their estates and creditors.  The Debtors do not have sufficient available sources of working capital and financing in the ordinary course of business to operate their business or maintain their properties without the DIP Facility.

(iii)    *No Credit Available on More Favorable Terms.*  Given their current financial condition, the Debtors are unable to obtain financing from sources other than the Lender on terms more favorable than the DIP Facility.  The Debtors are unable to obtain unsecured credit allowable under Section 503(b)(1) of the Bankruptcy Code as an administrative expense.  Financing on a postpetition basis is not otherwise available without granting the Lender: (1) fully perfected security interests in and liens on all of the Debtors' existing and after-acquired assets (subject only to (a) existing, valid, prior, and otherwise unavoidable, perfected liens and security interests and (b) the fees and expenses of the Debtors' Court-approved counsel, but only with respect to such fees and expenses as are incurred for services actually performed by such counsel through the Commitment Termination Date (as defined below) ("Counsel Fees" and together with (a), the "Permitted Liens"), (2) superpriority administrative priority claims, and (3) the other protections set forth in this Interim Order.

(iv)    *Use of Proceeds of the DIP Facility.*  As a condition to the extension of credit under the DIP Facility, the Lender and the Debtors have agreed, that proceeds

(Page 7)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

of the DIP Facility shall be used exclusively for ordinary and necessary operating costs and expenses, including professional fees, in the amounts and for the purposes reflected in the budget attached hereto as Exhibit A (as the same may be modified from time to time consistent with the terms of the Term Sheet, and subject to such variances as are permitted in the Term Sheet, the "Approved Budget"), in each case in a manner consistent with the terms and conditions of this Interim Order, the Final Order, and the Term Sheet.

(v)     Prior to the Petition Date, the Debtors were indebted to certain creditors including Tygris Asset Management ("Tygris") and Siemens Medical Solutions USA, Inc./Siemens Financial Services, Inc. (collectively, "Siemens"). The Debtors' obligations to Tygris and Siemens are secured by liens against certain of the Debtors' assets as well as the cash proceeds and products thereof. Without the continued use of those assets, including cash collateral, the Debtors' businesses would be irreparably harmed.

F.     Good Faith of the Lender.

(i)     *Willingness to Provide Financing.* The Lender has indicated a willingness to provide financing to the Debtors subject to: (a) the entry of this Interim Order and the Final Order; (b) the approval of the terms and conditions of the DIP Facility and the Term Sheet; and (c) entry of findings by this Court that such financing is essential to the Debtors' estates, that the Lender is extending credit to the Debtors pursuant to the Term Sheet in good

| | |
|---|---|
| (Page 8) | |
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

faith, and that the Lender's security interests, liens, superpriority administrative claims, and other protections granted pursuant to this Interim Order and the Term Sheet will have the protections provided in Section 364(e) of the Bankruptcy Code and will not be affected by any subsequent reversal, modification, vacatur, amendment, reargument or reconsideration of this Interim Order or any other order.

        (ii)     *Business Judgment and Good Faith Pursuant to Section 364(e).* The terms and conditions of the DIP Facility and the Term Sheet (as it pertains to the DIP Facility)[1] are fair, reasonable, and the best available to the Debtors under the circumstances, reflect the exercise of prudent business judgment by the Debtors consistent with their fiduciary duties, and are supported by reasonably equivalent value and consideration. The DIP Facility was negotiated in good faith and at arms' length among the Debtors and the Lender. Use of credit to be extended under the DIP Facility shall be deemed to have been so allowed, advanced, made, used or extended in good faith, and for valid business purposes and uses, within the meaning of Section 364(e) of the Bankruptcy Code, and the Lender is therefore entitled to the protection and benefits of Section 364(e) of the Bankruptcy Code and this Interim Order.

---

[1] The Court makes no findings at this time about the plan of reorganization contemplated by the Term Sheet. Rather, the findings and conclusions contained in this Order relate only to the DIP Facility and those Term Sheet provisions relating to the DIP Facility.

(Page 9)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

G.      <u>*Notice*</u>.  Notice of the Interim Hearing and the emergency relief requested in the DIP Motion has been provided by the Debtors, whether by facsimile, email, or overnight courier, to certain parties in interest, including:  (i) the Office of the United States Trustee (the "<u>U.S. Trustee</u>"); (ii) the United States Internal Revenue Service; (iii) creditors holding the twenty (20) largest claims against the Debtors; (iv) parties asserting liens against the Collateral (as defined below); (v) all taxing authorities; (vi) parties requesting notice in these Cases; and (vii) counsel to the Lender.  The Debtors have made reasonable efforts to afford the best notice possible under the circumstances and such notice is good and sufficient to permit the interim relief set forth in this Interim Order.

Based upon the foregoing findings and conclusions, the DIP Motion and the record before the Court with respect to the DIP Motion, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1.      <u>Interim Financing Approved</u>.  The DIP Motion is granted, the Interim Financing (as defined below) is authorized and approved, subject to the terms and conditions set forth in this Interim Order and the Term Sheet.

2.      <u>Objections Overruled</u>.  All objections to the Interim Financing to the extent not withdrawn or resolved are hereby overruled.

(Page 10)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

3.      <u>Authorization of the DIP Financing</u>.  The Interim Financing is hereby approved upon the terms and conditions set forth herein and in the Term Sheet.  The Debtors are expressly and immediately authorized to obtain debtor-in-possession financing from the Lender and to incur and perform the DIP Obligations in accordance with, and subject to, the terms of this Interim Order and the Term Sheet, and to deliver all instruments and documents which may be required or reasonably necessary for the performance by the Debtors under the DIP Facility and the creation and perfection of the DIP Liens (as defined herein) described in and provided for by this Interim Order and the Term Sheet.  The DIP Obligations shall represent valid and binding obligations of the Debtors, enforceable against the Debtors and their estates in accordance with their terms.

4.      <u>Authorization to Borrow</u>.  Until the Commitment Termination Date (as defined herein), and subject to the terms, conditions, limitations on availability set forth in the Term Sheet and this Interim Order, and in order to prevent immediate and irreparable harm to the Debtors' estates, the Debtors are hereby authorized to request an interim advance from the DIP Facility in an amount up to $150,000.00 (the "<u>Interim Financing</u>").

5.      <u>DIP Obligations</u>.  The Term Sheet and this Interim Order shall constitute and evidence the valid and binding effect of the Debtors' DIP Obligations, which DIP Obligations shall be enforceable against the Debtors, their estates and any successors thereto, including

(Page 11)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

without limitation, any trustee appointed in the Cases, or cases under Chapter 7 of the

Bankruptcy Code upon the conversion of the Cases, or in any other proceedings superseding or

related to any of the foregoing (collectively, the "Successor Cases").  Upon entry of this Interim

Order, the term "DIP Obligations" will include all loans and any other indebtedness, covenants,

undertakings, or obligations, contingent or absolute, which may now or from time to time be

owing by the Debtors to the Lender, under the Term Sheet or this Interim Order, including,

without limitation, all payment obligations, general covenants, and financial covenants.  The DIP

Obligations shall be due and payable in accordance with the Term Sheet and the DIP Facility

shall automatically cease on the Commitment Termination Date (as defined herein).

      6.      Post-petition Liens.  In order to secure the DIP Obligations, effective immediately

upon entry of this Interim Order, pursuant to Sections 364(c) of the Bankruptcy Code, the

Lender, subject to the terms and conditions of this Interim Order and the Final Order and subject

only to the Permitted Liens, is hereby granted a fully perfected security interest in and lien on all

of the assets, real and personal of the Debtors and their bankruptcy estates (excluding only

causes of action under chapter 5 of the Bankruptcy Code), whether acquired prior to or after the

Petition Date, whether now owned and existing or hereafter acquired, created, or arising, and all

products and proceeds thereof (including without limitation, claims of the Debtors against third

parties for loss or damage to such property), including all accessions thereto, substitutions and

(Page 12)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

replacements thereof, and wherever located (collectively, the "Collateral"). Without limitation, the Collateral shall include: all of the existing and after acquired real and personal, tangible and intangible, assets of the Debtors, including, without limitation, all cash, cash equivalents, bank accounts, accounts, other receivables, chattel paper, contracts, contract rights, inventory, instruments, documents, licensing agreements, securities (whether or not marketable), equipment, fixtures, leasehold interests and real property interests, franchise rights, patents, trademarks, trade names, copyrights, intellectual property, general intangibles, causes of action and other claims (exclusive only of causes of action under chapter 5 of the Bankruptcy Code), investment property, commercial tort claims, and all substitutions, accessions and proceeds of the foregoing, wherever located, including insurance or other proceeds.

7.      DIP Lien Priority.  Collateral against which as of the Petition Date, there are existing, valid, prior, and otherwise unavoidable, perfected liens and security interests (the "Prior Liens") shall be referred to hereinafter as the "Junior Lien Collateral", and Collateral against which as of the Petition Date, there are no Prior Liens shall be referred to hereinafter as the "Senior Lien Collateral".  Upon entry of this Interim Order, the Lender shall have a first-priority, perfected security interest in and lien on the Senior Lien Collateral (the "Senior DIP Lien"), subject and subordinate only to the Counsel Fees and shall have a junior-priority, perfected security interest in and lien on the Junior Lien Collateral, subject and subordinate only to the

(Page 13)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

Permitted Liens and Counsel Fees (the "Junior DIP Lien" and together with the Senior DIP Lien, the "DIP Liens").  The DIP Liens securing the DIP Obligations are valid, automatically perfected, non-avoidable, senior in priority and superior to any security, mortgage, collateral interest, lien or claim to any of the Collateral, except that the Senior DIP Lien shall be junior only to Counsel Fees and the Junior DIP Lien shall be junior only to the Counsel Fees and Permitted Liens.  Except as set forth herein, the DIP Liens shall not be made subject to or *pari passu* with any lien or security interest hereto or hereinafter granted in the Cases or any Successor Cases, and shall be valid and enforceable against any trustee appointed in the Cases or any Successor Cases, upon the conversion of the Cases to cases under Chapter 7 of the Bankruptcy Code (or in any Successor Cases), and/or upon the dismissal of the Cases or any Successor Cases.  The DIP Liens shall not be subject to Sections 506(c), 510, 549 or 550 of the Bankruptcy Code.  No Prior Lien or interest avoided shall be preserved for the benefit of the estate pursuant to Section 551 of the Bankruptcy Code.

8.      Superiority Claims.  Upon entry of this Interim Order, the Lender is hereby granted, pursuant to Section 364(c)(1) of the Bankruptcy Code, an allowed superpriority administrative expense claim in the Cases and any Successor Cases (collectively, the "DIP Superpriority Claim") for all DIP Obligations: (a) with priority over any and all administrative expense claims and unsecured claims against the Debtors or their estates in the Cases and any

(Page 14)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

Successor Cases, at any time existing or arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to Bankruptcy Code Sections 105, 326, 328, 330, 331, 364(c), 365, 503(a), 503(b), 506(c), 507(a), 507(b) (except as set forth herein), 546(c), 546(d), 726 (to the extent permitted by law), 1113 and 1114, and any other provision of the Bankruptcy Code, as provided under Section 364(c)(1) of the Bankruptcy Code; and (b) which shall at all times be senior to the rights of the Debtors and their estates, any successor trustee or other estate representative and any creditor or other party in interest to the extent permitted by law.

       9.     <u>Use of Cash Collateral</u>.  The Debtors are authorized to use any Collateral that constitutes the cash collateral of (i) Nuclear One Acquisitions, LLC ("Nuclear One") as successor to Tygris and (ii) Siemens (the "<u>Cash Collateral</u>") in the ordinary course of their business in accordance with the Approved Budget until the Commitment Termination Date (as defined herein).  For the purposes of sections 361, 363(e) and 507(b) of the Bankruptcy Code and as adequate protection for the Debtors' use of Cash Collateral, Nuclear One and Siemens are hereby granted replacement liens in and to all property of the kind presently securing the respective prepetition obligations of the Debtors to Nuclear One and Siemens, including property purchased or acquired with the Cash Collateral, together with any proceeds thereof, but excluding causes of action under chapter 5 of the Bankruptcy Code.  The Replacement Liens

(Page 15)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

shall only attach to and be enforceable against the same types of property, to the same extent, and in the same order of priority as existed immediately prior to the Petition Date. The Replacement Liens shall be recognized only to the extent of any post-petition diminution in value of the prepetition collateral of Nuclear One and Siemens resulting from the Debtors' use of Cash Collateral during the Cases. As additional adequate protection for each of these secured creditors, and in accordance with the Approved Budget, the Debtors shall make monthly payments (i) in the sum of $35,000 to Nuclear One and (ii) $7,500 to Siemens.

10.    Acknowledgement of Secured Claims Held by Nuclear One and Siemens. The Debtors hereby stipulate and acknowledge that: (a) as of the Petition Date, they were indebted (i) to Nuclear One (as successor to Tygris) in the amount of $8,612,428.70 and (ii) to Siemens in the total sum of $1,172,611; (b) their respective obligations to Nuclear One and Siemens are secured by liens against certain of their assets, including the cash proceeds and products thereof; and (c) the Debtors have no defenses, counterclaims or rights of offset against the claims held by Nuclear One or Siemens.

11.    Conversion of the DIP Facility. The Debtors have proposed or will shortly propose a Plan of Reorganization (the "Plan") pursuant to which the Debtors shall be reorganized under Chapter 11 of the Bankruptcy Code consistent with that certain Plan Sponsor Agreement entered into by and between the Debtors and the Lender (the "Reorganized Debtors" and the

(Page 16)
Debtor:                    INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.*
Case No.:                  11-_____
Caption of Order:          INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364
                           AND 507 (1) APPROVING POST-PETITION FINANCING, (2)
                           GRANTING LIENS AND PROVIDING SUPERPRIORITY
                           ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF
                           CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND
                           (5) SCHEDULING A FINAL HEARING

"Reorganization").  In connection with the Reorganization, upon the effective date of the Plan,

the DIP Facility shall be converted into 100% of the equity interests in the Reorganized Debtors.

The Lender shall be under no obligation to convert the DIP Obligations except upon the effective

date of the Plan.

    12.    No Obligation to Extend Credit.  The Lender shall have no obligation to make any

loan or advance any money under the Term Sheet, unless all of the conditions precedent to the

making of such extension of credit under the Term Sheet and this Interim Order have been fully

satisfied or waived by the Lender in its sole discretion.

    13.    Use of DIP Facility Proceeds.  From and after the Petition Date, the Debtors shall

use the DIP Facility exclusively for ordinary and necessary operating costs and expenses and

payment of professional fees in the amounts and for the purposes specifically set forth in the

Approved Budget.  The Debtors are authorized and directed to draw the Interim Financing under

the DIP Facility for the operating costs and expenses set forth on the Approved Budget arising

during the interim period prior to the Court's entry of the Final Order.  Notwithstanding anything

herein to the contrary, in no event shall the proceeds of the DIP Facility, the Collateral, or the

proceeds of any of the foregoing be used (A) for any purpose that is not permitted under the

Interim Order or Final Order; (B) in a manner not reflected in the Approved Budget or in an

amount greater than any single line item or in the aggregate amount set forth in the Approved

(Page 17)
Debtor:               INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.*
Case No.:             11-_____
Caption of Order:     INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364
                      AND 507 (1) APPROVING POST-PETITION FINANCING, (2)
                      GRANTING LIENS AND PROVIDING SUPERPRIORITY
                      ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF
                      CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND
                      (5) SCHEDULING A FINAL HEARING

Budget (subject to the Permitted Variance); (C) to investigate, object, contest, or raise in any

proceeding any defense to the validity, perfection, priority, extent or enforceability of the DIP

Facility (including the DIP Liens), or any claims held by the Lender or any affiliate of the

Lender, or (D) to initiate or prosecute any claims, causes of action, adversary proceedings or

other litigation against the Lender or any affiliate of the Lender.

14.    <u>Amendment of the Term Sheet</u>.  The Term Sheet may, from time to time, be

amended, modified or supplemented by the Debtors and Lender without notice or a hearing if:

(a) the amendment, modification, or supplement is (i) beneficial to the Debtors, and (ii) not

prejudicial in any material respect to the rights of third parties, and (b) a copy (which may be

provided through electronic mail or facsimile) of the amendment, modification or supplement is

provided to the U.S. Trustee and counsel to any creditors' committee appointed in these Cases;

and (c) the amendment, modification or supplement is filed with the Court.

15.    <u>Budget Maintenance</u>.  The Approved Budget attached to the Term Sheet is

approved by the Lender.  Any modification to, or amendment or update of, the Approved Budget

shall be in form and substance acceptable to the Lender in its sole discretion.  The Approved

Budget may, from time to time, be amended or modified by the Debtors and Lender, without

notice or a hearing if:  (a) the Lender has given its prior written consent to such amendment or

(Page 18)
Debtor:                    INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.*
Case No.:                  11-_____
Caption of Order:          INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364
                           AND 507 (1) APPROVING POST-PETITION FINANCING, (2)
                           GRANTING LIENS AND PROVIDING SUPERPRIORITY
                           ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF
                           CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND
                           (5) SCHEDULING A FINAL HEARING

modification; and (b) the amendment or modification does not cause the DIP Facility to exceed

the Commitment Amount set forth in the Term Sheet.

16.     Modification of Automatic Stay.  The automatic stay imposed under Bankruptcy

Code Section 362(a) is hereby modified as necessary to effectuate all of the terms and provisions

of this Interim Order, including, without limitation, to:  (a) permit the Debtors to grant the DIP

Liens and DIP Superpriority Claim; (b) permit the Debtors to perform such acts as the Lender

may reasonably request in its sole discretion to assure the perfection and priority of the liens

granted herein; (c) permit the Debtors to incur all liabilities and obligations to the Lender under

the Term Sheet, the DIP Facility and this Interim Order; and (d) authorize the Debtors to pay,

and the Lender to retain and apply payments made, in accordance with the terms of this Interim

Order and the Term Sheet.

17.     Perfection of DIP Liens.  This Interim Order shall be sufficient and conclusive

evidence of the validity, perfection, and priority of all liens granted to the Lender herein,

including the DIP Liens, without the necessity of filing or recording any financing statement,

mortgage, notice, or other instrument or document which may otherwise be required under the

law or regulation of any jurisdiction or the taking of any other action (including, for the

avoidance of doubt, entering into any deposit account control agreement) to validate or perfect

(in accordance with applicable non-bankruptcy law) the DIP Liens, or to entitle the Lender to the

(Page 19)
Debtor:                    INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al*.
Case No.:                  11-_____
Caption of Order:          INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364
                           AND 507 (1) APPROVING POST-PETITION FINANCING, (2)
                           GRANTING LIENS AND PROVIDING SUPERPRIORITY
                           ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF
                           CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND
                           (5) SCHEDULING A FINAL HEARING

priorities granted herein. Notwithstanding the foregoing, the Lender is authorized to file, as it in

its sole discretion deems necessary, such financing statements, mortgages, notices of liens and

other similar documents to perfect in accordance with applicable non-bankruptcy law or to

otherwise evidence the DIP Liens, and all such financing statements, mortgages, notices, other

documents, and approvals shall be deemed to have been filed or recorded as of the Petition Date;

*provided*, *however*, that no such filing or recordation shall be necessary or required in order to

create or perfect the DIP Liens.  The Debtors are authorized and directed to execute and deliver

promptly upon demand to the Lender all such financing statements, mortgages, notices and other

documents as the Lender reasonably request.  The Lender in its discretion may file a photocopy

of this Interim Order as a financing statement with any filing or recording office or with any

registry of deeds or similar office, in addition to or in lieu of such financing statements, notices

of lien or similar instrument.

        18.    Proceeds of Subsequent Financing.  If the Debtors, any trustee, any examiner with

enlarged powers, or any responsible officer subsequently appointed in these Cases or any

Successor Cases, shall obtain credit or incur debt pursuant to Bankruptcy Code Sections 364(b),

364(c) or 364(d) or in violation of the Term Sheet at any time prior to the indefeasible repayment

in full of all DIP Obligations and the termination of the Lender's obligation to extend credit

under the DIP Facility, and such facilities are secured by any Collateral, then all the cash

(Page 20)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

proceeds derived from such credit or debt shall immediately be turned over to the Lender to be applied as set forth in herein.

19.    <u>Maintenance of Collateral and Other Covenants</u>.  Until the indefeasible payment in full of all DIP Obligations and the termination of the Lender's obligation to extend credit under the DIP Facility, the Debtor shall (i) preserve, renew and keep in full force and effect its organizational existence, (ii) take all reasonable action to maintain all licenses, contracts, rights, privileges, and franchises necessary or desirable in the normal conduct of its business, (iii) except when nonpayment is permitted or payment is prohibited by the Court or the Bankruptcy Code, comply with all contractual obligations and applicable laws until such time as such contract is rejected with approval from the Court; and (iv) insure the Collateral as required under the Term Sheet and fulfill all other obligations set forth therein.

20.    <u>Disposition of Collateral</u>.  Except with the written consent of the Lender and to the extent authorized by order of the Court upon notice to the Lender, the Debtor shall not dispose of, or enter into any contract to dispose of, any of its property, whether now owned or hereafter acquired, outside of the ordinary course of business.

21.    <u>Commitment Termination Date</u>.  On the Commitment Termination Date (as defined herein), all DIP Obligations shall be immediately due and payable, and all of Lender's commitments under the DIP Facility will terminate, including any further obligation to extend

(Page 21)
Debtor:                 INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.*
Case No.:               11-_____
Caption of Order:       INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364
                        AND 507 (1) APPROVING POST-PETITION FINANCING, (2)
                        GRANTING LIENS AND PROVIDING SUPERPRIORITY
                        ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF
                        CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND
                        (5) SCHEDULING A FINAL HEARING

credit.  For purposes of this Interim Order, the "Commitment Termination Date" shall mean as

defined in the Term Sheet, the earliest of (i) May 16, 2011; (ii) the indefeasible payment in full

of the obligations owing to the Lender under the DIP Facility; (iii) the effective date of the Plan

or any confirmed chapter 11 plan resulting in the Debtors' emergence from chapter 11; or (iv)

upon the occurrence and during the continuance of an Event of Default (as defined below).

22.     Events of Default.  The occurrence of an "Event of Default" under the Term Sheet

shall constitute an Event of Default under this Interim Order, unless waived in writing by the

Lender.  In addition, the occurrence (or non-occurrence) of any of the following shall constitute

an Event of Default:

(a)     Subject to the Required Notice (as defined below), the Debtors shall fail to
        pay any of the obligations consisting of principal, interest, fees, costs or
        charges with respect to the DIP Facility as and when such payments are
        due.

(b)     Subject to the Required Notice, the Debtors shall fail or refuse to duly and
        punctually perform or observe any agreement, covenant or obligation
        contained in the Term Sheet, Plan Support Agreement, or in the DIP
        Documents (as defined in the Term Sheet), including without limitation,
        payment terms, general covenants, and financial covenants.

(c)     (i) From and after the date of entry thereof, the Interim Order or the Final
        Order shall cease to be in full force and effect, or (ii) subject to the
        Required Notice, the Debtors shall default in the due performance or
        observance by it of any term, covenant or agreement contained in the
        Interim Order, the Final Order, or the Plan Support Agreement (following
        entry of an order by the Court approving the assumption of it by the
        Debtors).

(Page 22)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

(d)     (i) The Cases shall be dismissed or converted to cases under chapter 7 of the Bankruptcy Code or the Debtor shall file a motion or other pleading seeking the dismissal of the Cases under section 1112 of the Bankruptcy Code or otherwise; or (ii) a trustee, or an examiner with enlarged powers related to the operation of the business (powers beyond those set forth in Section 1106(a)(3) and (4) of the Bankruptcy Code) under section 1106(b) of the Bankruptcy Code, shall be appointed.

(e)     (i) The Debtors' chapter 11 cases shall be dismissed or converted to cases under chapter 7 of the Bankruptcy Code or the Debtors shall file a motion or other pleading seeking the dismissal of their chapter 11 cases under section 1112 of the Bankruptcy Code or otherwise; or (ii) a trustee, or an examiner with enlarged powers related to the operation of the business (powers beyond those set forth in section 1106(a)(3) and (4) of the Bankruptcy Code) under section 1106(b) of the Bankruptcy Code, shall be appointed.

(f)     The Court shall enter an order terminating, shortening, or modifying the so-called exclusive period provided for under section 1121 of the Bankruptcy Code.

(g)     The Debtors shall make or commit or agree to make any expenditure in any given week or on a cumulative basis which are not set forth in the Approved Budget, subject to the Permitted Variance

(h)     Jack Firriolo shall cease to be the Debtors' Interim Chief Financial Officer or the scope of his authority shall be changed without the written consent of the Lender.

(i)     If any of the following shall occur (or not occur):

    **(1)**     the Final Order has not been entered by the Court within twenty-one (21) days of the Petition Date;

    **(2)**     the Plan contemplated by the Term Sheet, Disclosure Statement and a Motion to Assume the Plan Support Agreement have not

(Page 23)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

been filed by the Debtors on or before February 15, 2011 (the "PDS Filing Date");

**(3)**     an order approving the assumption of the Plan Support Agreement (and the termination fee provided for thereunder) has not been entered by the Court within twenty-one (21) days of the Petition Date;

**(4)**     an order approving the Disclosure Statement has not been entered by the Court within forty-five (45) days of the PDS Filing Date; or

**(5)**     an order confirming the Plan has not been entered within ninety (90) days of the PDS Filing Date.

23.     <u>Rights and Remedies Upon Event of Default</u>.  Immediately upon the occurrence and during the continuation of an Event of Default, the Lender may exercise any and all rights and remedies to enforce the DIP Obligations as further set forth in the Term Sheet, and:  (a) the Lender shall have no further obligation to make advances under the DIP Facility and the Debtors shall have no right to use any cash collateral; (b) the automatic stay imposed by Section 362(a) of the Bankruptcy Code shall terminate as to Lender; and (c) after three (3) business days notice (the "<u>Required Notice</u>"), the Lender shall be authorized, at its option, to take any and all actions and exercise any and all remedies available to it under the DIP Documents and applicable law, including without limitation taking possession of, protecting, selling, leasing or otherwise realizing upon the Collateral and any other property of the estates of the Debtors which serves as Collateral for the DIP Facility.

(Page 24)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

24.    Good Faith Under Section 364(e) of the Bankruptcy Code; No Modification or Stay of this Interim Order.  The Lender has acted in good faith in connection with this Interim Order and their reliance on this Interim Order is in good faith.  Based on the findings set forth in this Interim Order and the record made during the Interim Hearing, and in accordance with Section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Interim Order are hereafter modified, amended or vacated by a subsequent order of this Court or any other court, the Lender is entitled to the protections provided in Section 364(e) of the Bankruptcy Code.  Any such modification, amendment or vacatur shall not affect the validity and enforceability of any advances previously made or made hereunder, or any lien, claim or priority authorized or created hereby.  Any liens or claims granted to the Lender hereunder arising prior to the effective date of any such modification, amendment or vacatur of this Interim Order shall be governed in all respects by the original provisions of this Interim Order, including entitlement to all rights, remedies, privileges and benefits granted herein.

25.    Proofs of Claim.  The Lender will not be required to file proofs of claim in these Cases or any Successor Cases for any claim allowed herein.  Notwithstanding any order entered by the Court in relation to the establishment of a bar date in these Cases or any Successor Cases to the contrary, the Lender is hereby authorized and entitled, in its sole discretion, but not required, to file (and amend and/or supplement, as it sees fit) a proof of claim in these Cases or

(Page 25)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

any Successor Cases for any claim allowed herein.  Any order entered by the Court in relation to

the establishment of a bar date in these Cases or any Successor Cases shall not apply to the

Lender.

26.     <u>Rights of Access and Information</u>.  Without limiting the rights of access and

information afforded the Lender under the Term Sheet, the Debtors shall be, and hereby is,

required to afford representatives, agents and/or employees of the Lender reasonable access to

the Debtors' premises and its books and records, as applicable, and shall reasonably cooperate,

consult with, and provide to such persons all such information as may be reasonably requested.

27.     <u>Limitations on the DIP Facility and the Collateral</u>.  The DIP Facility and the

Collateral may not be used in connection with: (a) preventing, hindering, or delaying any of the

Lender's enforcement or realization upon any of the Collateral once an Event of Default has

occurred; (b) using or seeking to use any cash Collateral or selling or otherwise disposing of the

Collateral without the prior written consent of the Lender; (c) using or seeking to use any

insurance proceeds constituting Collateral without the prior written consent of the Lender; (d)

incurring indebtedness without the prior written consent of the Lender, except to the extent

permitted under the Term Sheet; (e) objecting or challenging in any way any claims, liens,

Collateral, as the case may be, held by or on behalf of the Lender; (f) asserting, commencing or

prosecuting any claims or causes of action, including, without limitation, any actions under

(Page 26)
Debtor:                INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.*
Case No.:              11-_____
Caption of Order:      INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364
                       AND 507 (1) APPROVING POST-PETITION FINANCING, (2)
                       GRANTING LIENS AND PROVIDING SUPERPRIORITY
                       ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF
                       CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND
                       (5) SCHEDULING A FINAL HEARING

chapter 5 of the Bankruptcy Code, against the Lender or any of its respective affiliates, agents,

attorneys, advisors, professionals, officers, directors and employees; or (g) prosecuting an

objection to, or contesting in any manner, or raising any defenses to, the validity, extent, amount,

perfection, priority, or enforceability of any of the DIP Obligations, the DIP Liens, or any other

rights or interests of the Lender.

28.    No Third Party Rights.  Except as explicitly provided for herein, this Interim

Order does not create any rights for the benefit of any third party, creditor, equity holder or any

direct, indirect, or incidental beneficiary.

29.    Section 506(c) Claims.  No costs or expenses of administration which have been

or may be incurred in these Cases at any time shall be charged against the Lender or any of its

respective claims, the Collateral pursuant to Sections 105 or 506(c) of the Bankruptcy Code, or

otherwise, without the prior written consent of the Lender, and no such consent shall be implied

from any other action, inaction, or acquiescence by any such agents or lenders.

30.    Section 552(b).  The Lender shall be entitled to all of the rights and benefits of

Section 552(b) of the Bankruptcy Code, and the "equities of the case" exception under Section

552(b) of the Bankruptcy Code shall not apply to the Lender, with respect to proceeds, product,

offspring or profits of any of the Collateral.

(Page 27)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

31.     Rights Preserved.  Entry of this Interim Order is without prejudice to any and all rights of any creditors' committee appointed in these Cases and any other party in interest with respect to the terms and approval of the Final Order and any other position which such parties or creditors' committee deem appropriate to raise in these Cases.

32.     No Waiver by Failure to Seek Relief.  The failure of the Lender to seek relief or otherwise exercise its rights and remedies under this Interim Order, the Term Sheet, or applicable law, as the case may be, shall not constitute a waiver of any of the rights hereunder, thereunder, or otherwise.

33.     Binding Effect of Interim Order.  Immediately upon execution by this Court, the terms and provisions of this Interim Order shall become valid and binding upon and inure to the benefit of the Debtors, the Lender, all other creditors of the Debtors, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in these Cases, any Successor Cases, or upon dismissal of these Cases or any Successor Cases.

34.     No Modification of Interim Order.  Until and unless the DIP Obligations have been indefeasibly paid in full in cash (such payment being without prejudice to any terms or provisions contained in the DIP Facility which survive such discharge by their terms) and all commitments to extend credit under the DIP Facility have been terminated, the Debtors

(Page 28)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

irrevocably waive the right to seek and shall not, without the Lender's prior written consent, seek or consent to, directly or indirectly: (a) any modification, stay, vacatur or amendment to this Interim Order; (b) the granting of any priority claim or administrative expense against the Debtors (now existing or hereafter arising of any kind or nature whatsoever, including, without limitation any administrative expense of the kind specified in Sections 503(b), 506(c), 507(a) or 507(b) of the Bankruptcy Code) in any of these Cases or Successor Cases, equal or superior to the DIP Superpriority Claim, (c) the entry of any order allowing use of cash collateral resulting from Collateral; or (d) the granting any lien on any of the Collateral with priority equal or superior to the DIP Liens, except as specifically provided in the Term Sheet.  The Debtors irrevocably waive any right to seek any amendment, modification or extension of this Interim Order without the Lender's prior written consent, and no such Lender consent shall be implied by any other action, inaction or acquiescence of the Lender.

35.    <u>Survival</u>.  The provisions of this Interim Order are subject to entry of a Final Order.  Any actions taken pursuant hereto shall, subject to entry of a Final Order, survive entry of any order which may be entered: (a) confirming any plan of reorganization in these Cases; (b) converting these Cases to cases under Chapter 7 of the Bankruptcy Code; (c) dismissing these Cases or any Successor Cases; or (d) pursuant to which this Court abstains from hearing these Cases or any Successor Cases.  The terms and provisions of this Interim Order, including the

(Page 29)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

claims, liens, security interests and other protections granted to the Lender pursuant to this Interim Order and/or the Term Sheet, notwithstanding the entry of any such order, shall continue in these Cases, in any Successor Cases, or following dismissal of these Cases or any Successor Cases, and shall maintain their priority as provided by this Interim Order until all the DIP Obligations, pursuant to the Term Sheet and this Interim Order, have been indefeasibly paid in full (such payment being without prejudice to any terms or provisions contained in the DIP Facility which survive such discharge by their terms), and all commitments to extend credit under the DIP Facility are terminated.

36.    <u>Final Hearing</u>.  The Final Hearing to consider entry of the Final Order and final approval of the DIP Facility is scheduled for _____ on _____ ____, 2011.  On or before _____, 2011, the Debtors shall serve, by electronic filing and/or by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "<u>Final Hearing Notice</u>"), together with copies of this Interim Order, the proposed Final Order and the DIP Motion, on the parties having been given notice of the Interim Hearing as specified above, including but not limited to; (i) the U.S. Trustee; (ii) the United States Internal Revenue Service; (iii) creditors holding the twenty (20) largest claims against the Debtors; (iv) parties asserting liens against the Collateral; (v) all taxing authorities; (vi) parties requesting notice in these Cases; and (vii) counsel to the Lender.  The Final Hearing Notice shall

(Page 30)

| | |
|---|---|
| Debtor: | INTEGRAL NUCLEAR ASSOCIATES, LLC, *et al.* |
| Case No.: | 11-_____ |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364 AND 507 (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) AUTHORIZING USE OF CASH COLLATERAL; (4) MODIFYING AUTOMATIC STAY, AND (5) SCHEDULING A FINAL HEARING |

state that any party in interest objecting to the entry of the proposed Final Order shall file written objections with the Clerk of the Court no later than on _____, 2011 at _____ (Eastern), which objections shall be served so as to be received on or before such date by: (1) counsel to the Debtors; (ii) the U.S. Trustee; and (iii) counsel to the Lender.

37.    <u>Bankruptcy Rule 7052</u>.  This Interim Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

38.    <u>Retention of Jurisdiction</u>.  The Court has and will retain jurisdiction to enforce this Interim Order according to its terms.

Cash Usage by Week
Beginning 2011

Notes:
Dates Represent week beginning Dates

| | | 2/7/2011 | 2/14/2011 | 2/21/2011 | 2/28/2011 | 3/7/2011 | 3/14/2011 | 3/21/2011 | 3/28/2011 | 4/4/2011 | 4/11/2011 | 4/18/2011 | 4/25/2011 | 5/2/2011 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Beginning Cash | all companies | 265,318 | 106,346 | (217,485) | (221,291) | (51,214) | (150,684) | (215,099) | (229,084) | (15,244) | (135,934) | (150,219) | (92,183) | (138,842) | |
| Received | | | | | | | | | | | | | | | |
| Cash Receipts | | 251,098 | 123,659 | 123,659 | 473,638 | 252,638 | 181,976 | 128,979 | 422,801 | 256,418 | 182,716 | 256,418 | 127,439 | 348,439 | 3,129,876 |
| (Aver Sept - Nov 946/mo) | | 516,416 | 230,005 | (93,826) | 252,347 | 201,424 | 31,291 | (86,120) | 193,717 | 241,174 | 46,781 | 106,199 | 35,256 | 209,597 | 3,158,498 |
| **Expenditures-Core Business** | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | - |
| Rent | Need NY & Paoli | 39,045 | 4,000 | | 39,045 | | 4,000 | 20,000 | 26,245 | | | 4,000 | | 26,245 | 162,579 |
| | | | | | | | | | | | | | | | - |
| Payroll & taxes (Incl Clover & RJL) | | | 146,200 | | 127,600 | | 112,600 | | 115,300 | | 107,000 | | 106,000 | | 714,700 |
| | | | | | | | | | | | | | | | - |
| Drs - Georgetown Univ Hosp (ITA) | | 120,000 | 52,000 | | | 60,000 | | | | 60,000 | | | | 60,000 | 352,000 |
| Drs - Parlee Tatem (DJV) | | 36,000 | 18,000 | | | 18,000 | | | | 18,000 | | | | 18,000 | 108,000 |
| Drs - CPUP (LIM & CCH) | | 36,000 | 18,000 | | | 18,000 | | | | 18,000 | | | | 18,000 | 108,000 |
| Drs - Diag. Imaging (HOL - mobile & fixed) | no paid | | | | | | | | | - | | | | | - |
| Drs - Keenan (G-2) | | 1,000 | | | | 1,000 | | | | 1,000 | | | | 1,000 | 4,000 |
| Drs - PKR (N. Dover) | | 3,500 | | | | 2,000 | | | | 2,000 | | | | 2,000 | 9,500 |
| | | | | | | | | | | | | | | | |
| PETNET | | 36,000 | 18,000 | 18,000 | 18,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 234,000 |
| Mobile Med | | 13,000 | 6,500 | 6,500 | 6,500 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 68,500 |
| Peak Sys | | 3,500 | | | 3,500 | | | | 3,500 | | | | 3,500 | | 14,000 |
| Insurance (Hartford; AFCO; First Ins. Fund) | | | | 8,373 | 7,691 | | | 8,373 | 7,691 | | | | 8,373 | 7,691 | 48,192 |
| Supplies - Site/Medical | | | | 15,000 | | | | 15,000 | | | | 15,000 | | | 45,000 |
| General Exp | | 15,000 | | | | 15,000 | | | | 15,000 | | | | 15,000 | 60,000 |
| UHN | | 42,500 | | 50,000 | | | | 50,000 | | | | 50,000 | | | 192,500 |
| Wind down - G-1 and HR | | | | | 40,000 | | | | | | | | | | 40,000 |
| Employee Expenses (15th) | | | 20,000 | | | | 20,000 | | | | | 20,000 | | | 60,000 |
| Misc expenses | | | 15,000 | | | | 10,000 | | | | | 10,000 | | | 35,000 |
| Philips Medical Capital (G-1 pmt due 2/15) | | | 5,000 | | | | | | | | | | | | 5,000 |
| Philips maint (10th;20th;30th) | | 36,525 | 37,290 | | 36,225 | 18,108 | 37,290 | | 36,225 | 18,108 | | 37,290 | 36,225 | | 293,286 |
| Siemens maint | | | | 29,592 | | | | 29,592 | | | | 29,592 | | | 88,775 |
| Medical Benefits & employee Benefits | | 28,000 | | | 25,000 | | | | | 25,000 | | | | 30,000 | 108,000 |
| | | | | | | | | | | | | | | | - |
| Adequate Protection Tygris | | | 35,000 | | | | 35,000 | | | | | 35,000 | | | 105,000 |
| Debtor's counsel - Cole Schotz & Donnaghue | | | | | | 150,000 | | | | 150,000 | | | | | 300,000 |
| Siemens Adequate Protection | | | 7,500 | | | | 7,500 | | | | | 7,500 | | | 22,500 |
| Creditors Committee - | | | | | | 50,000 | | | | 50,000 | | | | | 100,000 |
| Liscensing | | | | | | | | | | | | | | | - |
| Patient refunds | | | | | | | | | | | | | | | - |
| DIP Processing fee and costs | | | 45,000 | | | | | | | | | | | | 45,000 |
| | | | | | | | | | | | | | | | - |
| US Trustees | | | | | | | | | | | 40,000 | | | | 40,000 |
| Utility deposits | | | 20,000 | | | | | | | | | | | | 20,000 |
| | | | | | | | | | | | | | | | - |
| | | - | - | - | - | - | - | - | - | - | - | - | - | - | |
| Total pmts | | 410,070 | 447,490 | 127,465 | 303,561 | 352,108 | 246,390 | 142,965 | 208,961 | 377,108 | 197,000 | 198,382 | 174,098 | 197,936 | 3,383,532 |
| Final Cash Balance | | 106,346 | (217,485) | (221,291) | (51,214) | (150,684) | (215,099) | (229,084) | (15,244) | (135,934) | (150,219) | (92,183) | (138,842) | 11,661 | (225,034) |

| | Total Exp - Feb | 1,208,147 | | | Total Exp Mar | 1,149,504 | | | | Total Exp Apr | 1,051,068 | 197,936 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|